IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gene Victor Moore, | ) | Civil Action No. 2:17-cv-3228-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bass Pro Outdoor World, LLC, | ) | |
| Individually, and d/b/a Bass Pro Shops, | ) | |
| and Bass Pro Shops, and Global | ) | |
| Manufacturing Company, and | ) | |
| G.M.C., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff's motion to compel Defendants to supplement their written discovery responses. (Dkt. No. 21.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

I. **Background**

This is a product liability case arising out of Plaintiff's injury allegedly sustained through use of an API Crusader Climbing Treestand manufactured by Defendant Global Manufacturing Company, LLC and retailed by Defendant Bass Pro Outdoor World, LLC. Plaintiff served interrogatories and requests for production on Defendants, who responded and made document productions. Plaintiff now asks the Court to compel Defendants to further supplement their responses, and to overrule Defendants' objections.

II. **Legal Standard**

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" including information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts

broadly construe rules enabling discovery, but certain limits may be imposed. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them]." (alternations in original and internal quotation marks omitted)).

If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court will treat an "evasive or incomplete" discovery response as "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Similarly, a party who has served a request for admission may move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Rule 36(a)(6). A document is under a party's possession, custody or control if the party has the "practical ability" or "legal right" to obtain the documents. *Wade v. Chase Bank USA, N.A.*, No. 2:12-cv-3565, 2013 WL 12154986, at *2 (D.S.C., Nov. 7 2013) (surveying cases). The court may in its discretion "accept, at face value, a party's representation that it has fully produced all materials that are discoverable." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000).

### III. Discussion

#### A. Motion to Compel Bass Pro to Supplement Answers to Interrogatories Nos. 1, 2 and 4-12

Plaintiff moves the Court to compel: (1) Bass Pro to supplement its responses to Interrogatories Nos. 4, 5, 8, 9, 10, 11 and 12 because Bass Pro should have manufacturing knowledge of a product it retails; (2) Bass Pro to supplement its answers to Interrogatories Nos. 4, 5, 6, 7 and 12 to include information on similar products as the "Subject API Crusader" is defined to include; (3) Bass Pro to supplement its answer to Interrogatory No. 7 with the claimants' contact information; (4) Defendants to supplement answers to Interrogatory No. 1 with expert witnesses' addresses and No. 4 with William Cheng's information; and (5) to supplement Interrogatory No. 2 with demonstratives relating to Plaintiff's claim. In response, Bass Pro asserts that as a retailer it has no information responsive to the product's design, manufacturing or distribution and Defendants assert that they have already produced the requested information.

The Court takes Bass Pro's assertion that it has no responsive information at face value because it is reasonable that a retailer would not maintain information relating to the design, manufacturing or distribution of the products it receives completed and sells. The Court also finds Defendants have already produced information in response to Interrogatories Nos. 1 and 2. Regarding Plaintiff's request for information on similar products, Plaintiff argues that Bass Pro's answers to Interrogatories No. 4 through 7 inappropriately carved-out similar products from the definition of "Subject API Crusader." It is true that Interrogatory No. 4 employed the defined term "Subject API Crusader" and Bass Pro answered more narrowly to "the Crusader treestand, model number GCL 303-A." Information regarding similar models should have been given in response to Interrogatory No. 4, but the Court notes Bass Pro's response that all responsive

information has been supplied. By contrast, Interrogatories Nos. 5, 6 and 7 neither employ the defined term nor otherwise request information on similar products. In a product liability case, "discovery of similar, if not identical, models is generally permitted" and is denied only when they "are not substantially similar to the model at issue here." *Hartsock v. Goodyear Dunlop Tires N. Am. LTD*, No. 2:13-CV-00419-PMD, 2013 WL 6919715, at *8 (D.S.C. Nov. 22, 3013). Plaintiff is free propound additional interrogatories that actually request information on similar products, although the Court suspects that Bass Pro would have no more information on the design, manufacturing or distribution of similar products it retails than it does on the product that Plaintiff used in this incident.

Plaintiff's motion as to Interrogatories Nos. 1, 2, 4-6 and 8-12 is denied. Bass Pro is ordered to supplement its response to Interrogatory No. 7 to include the requested contact information.

**B.    Motion to Compel Bass Pro to Supplement Responses to Requests for Production Nos. 1-3, 8-10, 12-13, 15-16, and 20-24**

Plaintiff argues that Bass Pro should supplement its responses to Requests Nos. 1-3, 8-10, 12-13, 15-16, and 20-24 because Bass Pro "presumably possesses at least some knowledge and documentation regarding the product it sells." (Motion at 7.) Plaintiff further requests that Bass Pro supplement its responses to Requests Nos. 1-4, 8-10, 13-15, 17 and 21-22 to include similar products, as the defined terms "Subject API Crusader" and "secured cap bolt" require. As discussed above, the Court finds no reason to believe Bass Pro is evasively withholding documents within its custody or control regarding a product's design, manufacturing or distribution. However, Request No. 12 seeks documents relating to instructions or warnings that Defendants gave Plaintiff at the time of retail. Bass Pro's response that it was not involved in the

design, manufacturing or distribution of the product is inapposite to the Request. Therefore, Plaintiff's motion as to these Requests is denied, but granted as to Request No. 12.

**C.     Motion to Compel Global to Produce "Confidential" Documents**

Because a Confidentiality Order has been entered (Dkt. No. 28), Plaintiff's motion to overrule Global's objections to Requests for Production Nos. 2, 8, 12, 13, 16, 20 and 21 and to compel production of Global's design/engineering drawings and quality assurance documents is denied.

**D.     Motion to Compel Additional Response Supplement and Production**

Plaintiff moves the Court to compel Global to supplement its document production, Bates labeled GMC 000037, 000038 and 000039 to produce "Page(s) 2 of 2." The Court finds no reason to find Global's explanation—that a list of twenty-six products required two pages of ten items each, plus a third run-off page of six items—evasive. This dispute should have been resolved during the parties' meet-and-confer. The Court similarly finds no reason to doubt Defendants' assertion that all requested documents relating to the Treestand Manufacturers Association have already been produced. (Requests for Production Nos. 7 and 10.) Plaintiff's motion as to these requests is denied.

**E.     Motion to Compel Defendants to Respond Fully to All Discovery Requests**

Defendants state all relevant information and documents have been produced in response to Plaintiff's discovery requests. Because Defendants are not relying on their objections to each discovery demand to withhold otherwise responsive information and documents, the Court does not reach the issue of whether Defendants have waived the grounds for their objections.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 14, 2018
Charleston, South Carolina