IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gene Victor Moore, | ) | Civil Action No. 2:17-cv-3228-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| BPS Direct, LLC, Bass Pro, LLC, Global Manufacturing Company, LLC, G.M.C., LLC, and Mainstream Holdings, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendants BPS Direct, LLC and Bass Pro, LLC's Motion for Summary Judgment as to Strict Liability. (Dkt. No. 76.) For the reasons set forth below, the motion is granted.

**I.  Background**

This is a products liability case arising out of an injury sustained by Plaintiff Gene Victor Moore allegedly from the use of an API Crusader Climbing Treestand ("Crusader Treestand") manufactured by Defendants Mainstream Holdings, Inc. and Global Manufacturing Company, LLC and sold by Defendants BPS Direct, LLC and Bass Pro, LLC ("Bass Pro Defendants"). (Dkt. No. 53.) The Bass Pro Defendants own the trademark for the API brand of treestands, which includes the Crusader Treestand at issue here. (Dkt. No. 94-2 at 13 – 14.) Defendant Bass Pro, LLC is the corporate entity, whereas Defendant BPS Direct, LLC handles direct and internet sales. (*Id.* at 10 – 11.) The Bass Pro Defendants sells API treestands and sold the Crusader Treestand at issue here to Plaintiff. (*Id.* at 13; 94-3 at 40.) However, while Bass Pro owns the API trademark and sell the products, Bass Pro has entered manufacturing agreements, first with Worldwide Industrial Corporation ("WIC") and in 2014 with Defendant Global Manufacturing Company,

LLC ("Global"), to manufacture the API treestands. (Dkt. Nos. 94-3 at 26; 94-4 at 59 – 60.) Defendant Mainstream Holdings, Inc. ("Mainstream") is the parent company of Defendant Global. (Dkt. No. 94-4 at 262.)

The Bass Pro Defendants now move to dismiss the First Cause of Action for Strict Liability against them. (Dkt. No. 76-1.) This motion does not relate to the other three causes of action (negligence, breach of warranty, and under the South Carolina Unfair Trade Practices Act) against the Bass Pro Defendants, nor does it relate to any of the causes of action against Defendants Global and Mainstream. The Bass Pro Defendants argue that as Illinois law applies to the tort claims in this case, the Illinois' seller's exception statute, 735 Ill. Comp. Stat. Ann. 5/2-621, requires the dismissal of the strict liability claim against Bass Pro. (Dkt. No. 76-1.) Plaintiff opposes the motion, arguing that Bass Pro cannot meet the test for dismissal under the innocent seller statute. (Dkt. No. 94.)

## II. <u>Legal Standard</u>

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. <u>Discussion</u>

As Plaintiff's injury occurred in Illinois, the Court applies Illinois law to Plaintiff's tort claims. (Dkt. No. 51.) Under Illinois law for strict products liability, Plaintiff must prove the following elements: "(1) an unreasonably dangerous product condition that resulted from manufacturing or its design, (2) the existence of the condition existed when the product left the defendant's control, and (3) the condition…proximately caused plaintiff's injuries." *Pommier v. Jungheinrich Lift Truck Corp.*, 2018 IL App (3d) 170116, ¶ 23, 102 N.E.3d 684, 689, *reh'g denied* (Mar. 23, 2018). However, under Illinois' seller's exception statute, "a court may dismiss a non-manufacturing defendant if that defendant files an affidavit certifying the correct identity of the manufacturer." *Mitchell v. Philip Morris USA Inc.*, No. 18-CV-7739, 2019 WL 1787587, at *2 (N.D. Ill. Apr. 24, 2019) *citing* 735 Ill. Comp. Stat. Ann. 5/2-621(a) – (b). However, as explained by the law, a plaintiff can "overcome dismissal if he shows one or more of three conditions: (1) the defendant exercised 'significant control' over the design or manufacture of the product; (2) the defendant had actual knowledge of the defect; or (3) the defendant created the defect." *Id. citing* § 5/2-621(c).

Plaintiff does not dispute that the Bass Pro Defendants sold the Crusader Treestand at issue here. (Dkt. Nos. 94-2 at 13; 94-3 at 40.) Instead, Plaintiff contends that Bass Pro's oversight of the design of the treestand, knowledge of past alleged defects, and actions as an "apparent manufacturer" makes the seller's exception inapplicable to Bass Pro.[1] However, there is no dispute of material fact in the record that the Bass Pro Defendants are the sellers of the Crusader Treestand and that Plaintiff cannot meet either of the three conditions of Illinois' seller's exception.

Plaintiff has not identified any evidence that Bass Pro "exercised 'significant control' over the design or manufacture of the product" or "provided instructions or warnings" to the manufacturer regarding the alleged defect. Plaintiff instead identifies repeated testimony in the record that there is nothing that "prevents Bass Pro from demanding" a change to the design, construction or inspection of the Crusader Treestand. (Dkt. No. 94-3 at 43.) Plaintiff also notes that the brand API Outdoors is listed as part of a "manufacturing class" of the Treestand Manufacturer's Association ("TMA") and that Defendant BPS Direct, LLC served as the importer of record. However, while Plaintiff identified testimony indicating that Bass Pro *could* have exercised control over design, he has failed to identify any testimony that Bass Pro actually *did* design, manufacture or provide any warnings regarding the product, let alone that Bass Pro exercised "significant control" over the Crusader Treestand's design or manufacturing.

Regarding the second condition, that "defendant had actual knowledge of the defect," Plaintiff again fails to identify any evidence creating a dispute of material fact. Plaintiff relies

---

[1] Plaintiff also contends that dismissal of the strict liability claim against Bass Pro is inappropriate as Defendants failed to "certify" the manufacturer via affidavit, as required by the Statute. However, in conjunction with their motion to file an Amended Complaint, which was ultimately granted, Defendants filed an Affidavit from Brent Quiring, the Chief Operating Officer of Defendant Global, stating that Defendant Global is the manufacturer of the Crusader Treestand at issue. (Dkt. No. 40-2.)

entirely on a complaint made by Robert Cericola regarding a similar treestand that was manufactured in 2013 by WIC. (Dkt. No. 94 at 14 – 15.) It is undisputed that the complaint regarding Cericola's treestand related to the failure of a screwed in knob that holds the standing platform of the treestand, which caused the treestand to collapse and Cericola to fall approximately fifteen feet. (Dkt. No. 94-9.) The incident was first reported to the retailer in that case, Cabela's, and ultimately was sent to Defendant Mainstream Holdings. (*Id.*) In emails, a customer service representative from Defendant Mainstream referred to themselves as "Customer Service for API." (*Id.*) Plaintiff cannot meet the second condition for various reasons. First, Plaintiff has identified no evidence that the Bass Pro Defendants had any actual knowledge. The incident was sent to the retailer and to Defendant Mainstream, and there is no record evidence that Bass Pro received any information on the incident. However, even if knowledge could somehow be imputed upon Bass Pro,[2] there was no actual knowledge of the specific defect. The defect here relates to a welding hole, whereas the defect in Cericola related to the failure of a knob screwed into the standing platform. Therefore, Plaintiff has not demonstrated the Bass Pro Defendants had "actual knowledge" of the specific defect at issue.

Finally, Plaintiff has identified no evidence that the Bass Pro Defendants "created the defect," and therefore Plaintiff cannot overcome dismissal of the first cause of action for strict liability under Illinois' seller's exception. Instead of addressing the last condition, Plaintiff argues

---

[2] Plaintiff alleges that Mainstream was acting as Bass Pro's agent as they were "Customer Service" for API. However, Plaintiff has not identified any evidence permitting the Court to determine that Plaintiff can show that Mainstream or Global was an agent of the Bass Pro Defendants under Illinois law. *See Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) ("The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal.... Principal among these considerations is the right to control the manner that the work is done.").

that Bass Pro is the "apparent manufacturer" of the Crusader Treestand. Under the "apparent manufacturer" doctrine in Illinois "[a] vendor who, through its labeling or advertising of a product, caused the public to believe that it was the manufacturer and to buy the product in reliance on the vendor's reputation and care in making it, [is] held to have assumed the obligations of a manufacturer and to be estopped to deny its identity as the manufacturer." *Hebel v. Sherman Equip.*, 92 Ill. 2d 368, 371, 442 N.E.2d 199, 201 (1982). Plaintiff misapplies the doctrine by focusing on whether there are markings on the Crusader Treestand indicating that Defendant Global is the manufacturer, or whether API is listed as a member of the "manufacturing class" of the TMA. (Dkt. No. 94 at 18.) Instead, it is dispositive that Plaintiff has failed to identify any evidence that indicates that either Bass Pro Defendant in their labeling or advertising indicated that Bass Pro was the manufacturer.[3]

Therefore, as it is undisputed that the Bass Pro Defendants sold but did not manufacture the Crusader Treestand at issue, and Plaintiff cannot meet any of the three conditions for overcoming the seller's exception to strict products liability in Illinois, the Bass Pro Defendants are entitled to summary judgment on Plaintiff's first cause of action for strict liability.

IV.  **Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants BPS Direct, LLC and Bass Pro, LLC's Motion for Summary Judgment as to Strict Liability (Dkt. No. 76.) and Summary Judgment

---

[3] Plaintiff's argument that the Consumer Product Safety Act defines "manufacturer" to include importers is also misplaced. *See* 15 U.S.C.A. § 2052 (a)(11). First, the Act does not control the definition of manufacturer under Illinois law. *See Carollo v. Al Warren Oil Co.*, 355 Ill. App. 3d 172, 186, 820 N.E.2d 994, 1005 (2004) (discussing definition of manufacturer under Illinois strict liability law). Second, the seller's exception itself defines how a seller would not be subject to the protection of the law. Finally, the apparent manufacturer doctrine, as explained in *Hebel*, is concerned with public pronouncements of a vendor serving as a manufacturer, and a private vendor agreement defining the importer of record does not implicate any of these concerns.

is **GRANTED** as to Plaintiff's First Cause of Action for Strict Liability against Defendants BPS Direct, LLC and Bass Pro, LLC.[4]

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 8, 2019
Charleston, South Carolina

---

[4] This case has been consolidated with Case No. 2:18-cv-3017-RMG. The motion at issue here was cross-filed in that consolidated action. This order also disposes of that motion. (Dkt. No. 37 in Case No. 2:18-cv-3017.)